UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| STEVEN GONG <br><br> Plaintiff <br><br> vs. <br><br> CONVERGENT OUTSOURCING, INC. <br><br> Defendant | Case Number <br><br> **CV 12 - 1388** <br> CIVIL COMPLAINT <br><br> JURY TRIAL DEMANDED <br> BIANCO, J. <br><br> FILED <br> IN CLERK'S OFFICE <br> US DISTRICT COURT E.D.N.Y. <br> TOMLINSON, M. <br> ★ MAR 19 2012 ★ <br><br> BROOKLYN OFFICE |

**COMPLAINT AND JURY DEMAND**

**COMES NOW,** Plaintiff, Steven Gong, by and through his undersigned counsel, Bruce K. Warren, Esq., of the Warren Law Group, P.C. complaining of Defendant and respectfully avers as follows:

### I. INTRODUCTORY STATEMENT

1. Plaintiff, Steven Gong, is an adult natural person and brings this action for actual and statutory damages and other relief against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices and violations of the Telephone Consumer Protection Act which prohibits certain calls to consumers.

### II. JURISDICTION

2. Jurisdiction of this court arises under 15. U.S.C. § 1692k(d) and 28 U.S.C. §1337.

3. Venue in this District is proper in that Plaintiff resides in this District.

### III.   PARTIES

4. Plaintiff, Steven Gong, is an adult natural person residing in New Hyde Park, NY 11040. At all times material and relevant hereto, Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5. Defendant, Convergent Outsourcing, Inc. at all times relevant hereto, is and was a corporation engaged in the business of collecting debt within the State of New York and has a principal place of business located at 925 Westchester Avenue, First Floor, White Plains, NY 10604.

6. Defendant is engaged in the collection of debts from consumers using the telephone and mail. Defendant regularly attempt to collect consumer debts alleged to be due to another. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

### IV.   FACTUAL ALLEGATIONS

7. Plaintiff has been receiving constant and continuous automated calls to his home phone from the Defendant since January 2012.

8. Defendant calls and leaves automated messages looking for someone other than the Plaintiff.

9. Plaintiff does not know who this person is.

10. Plaintiff has informed the Defendant numerous times that they do not have the right number.

11. Defendant has been told that no one at the residence has any business relationship with Defendant.

12. Defendant has promised multiple times to remove the Plaintiff's number from the automated call list.

13. Plaintiff attempted on March 14, 2012 to again attempt to have the Defendant stop the calls, only to be hung up on while attempting to correct the issue.

14. Defendant knew or should have known that their actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

15. At all times pertinent hereto, Defendant was acting by and through their agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

16. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

## COUNT I – FDCPA

17. The above paragraphs are hereby incorporated herein by reference.

18. At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

19. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of 15 U.S.C. § 1692:

| | |
|---|---|
| §§ 1692c(a)(1): | Defendant's agents contacted Plaintiff at a time/place which should have been known to be inconvenient to Plaintiff; |
| §§ 1692d: | Any conduct that natural consequence of which is to harass, oppress or abuse any person; |
| §§ 1692d(5): | Caused the phone to ring or engaged the person in telephone calls repeatedly; |
| §§ 1692f(5): | Caused any charges to be made to the consumer, e.g. continuous cell phone calls |

**WHEREFORE**, Plaintiff respectfully requests that this court enter judgment in her favor and against Defendant for the following:

a. Actual damages;

b. Statutory damages pursuant to 15 U.S.C. §1692k;

c. Reasonable attorney's fees and costs of suit pursuant to 15 U.S.C. §1692k; and

    d.    Such addition and further relief as may be appropriate or that the interests of justice require.

## COUNT II – TCPA

20. The above paragraphs are hereby incorporated herein by reference.

21. At all times relevant hereto, Defendant unlawfully, intentionally and fraudulently violated the TCPA, 47 U.S.C. §227 et. seq. and 47 C.F.R. 64.1200 et. seq.

22. The foregoing acts and omissions constitute violations of the TCPA, including but not limited to:

    a.    The Defendant used an automatic telephone dialing system that had capacity to store or produce telephone numbers using random or sequential number generation and dialed the telephone number associated with the Plaintiff.

    b.    The Defendant initiated telephone calls to Plaintiff's telephone using artificial and prerecorded voice to deliver a message without the prior consent of the Plaintiff.

    c.    The Defendant initiated communication to the Plaintiff using an automatic dialer that was not in compliance with the technical and procedural standards set forth by the TCPA.

**WHEREFORE**, Plaintiff respectfully requests that this court enter judgment in her favor and against Defendant and Order the following relief:

    a.    Actual damages;

    b.    Statutory damages;

    c.    Reasonable attorney's fees and costs of suit pursuant to 15 U.S.C. §1692k; and

    d.    Treble damages.

## V.  JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.

**Respectfully submitted,**

**Warren Law Group, P.C.**

Date: **March 16, 2012**

BY: /s/ Bruce K Warren
Bruce K. Warren, Esq.
Warren Law Group, P.C.
57 Cooper Street
Woodbury, NJ 08096
856-848-4572
Attorney for Plaintiff